IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**WILLIAM SCOTT HOWARD, SR.,**

    **Plaintiff,**

v.                                                                                             No. 1:24-cv-1266-JDB-jay

**DANIELLE LAM,** *Sweepstakes Agent for*
*Publishers Clearing House*; **and**
**JOHN DOES 1-100.**

    **Defendant.**

---

### REPORT AND RECOMMENDATION

---

On December 26, 2024, Plaintiff William Scott Howard, Sr., proceeding pro se, filed a lawsuit against Danielle Lam, Sweepstakes Agent for Publishers Clearing House, and Unnamed Defendants 1-100. (Docket Entry ["D.E."] 1.) Plaintiff sought and received in forma pauperis status. (D.E. 6.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. For the reasons set forth below, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

### I.    PROPOSED FINDINGS OF FACT

Plaintiff filed this lawsuit on a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. In the "Statement of Claim" portion of the form complaint, Plaintiff writes:

> Danielle Lam and the unnamed defendants are holding my winnings from me because the defendant and the unnamed defendants are narcissistic people and mental manipulation. And I have all the Apple card and receipts combining up to over $3,000 and they are continuing to exploit more money from me. And it's been going on for over a year. And I have the batch #  I'm also a survivor of narcissistic abuse abuse to my winnings.

1

(D.E. 1, p. 2, § IV, PageID 2.)  In terms of relief, Plaintiff seeks "to make Danielle Lam give me my winnings that's owed to me. And for pain and suffering. 1 million $". (*Id*. at p. 3, PageID 3.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

**B.   Standard of Review for Lack of Subject Matter Jurisdiction**

[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Of course, "dismissal on these grounds is appropriate 'only in the rarest of circumstances where . . . the complaint is deemed totally implausible.'" *Lynch v. Tenn.*, No. 3:16-CV-03034, 2017 U.S. Dist. LEXIS 213765, at *9 (M.D. Tenn. Sept. 25, 2017) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). This standard requires that "[t]he claims . . . be 'flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id*. at *9 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). When a court dismisses a complaint under Rule 12(b)(1), the same opportunity to amend need not be provided as when a complaint is dismissed under Rule 12(b)(6).

*Id*. at \*10 (citing *Apple*, 183 F.3d at 479 ("*Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*."))

C. **Plaintiff's Complaint Should Be Dismissed.**

The undersigned notes that Plaintiff previously brought a similar lawsuit against Publisher's Clearinghouse in which he alleged that his alleged sweepstakes winnings were being wrongfully withheld and that he was being unlawfully harassed and surveilled. *See Howard v. Publisher's Clearing House NY Sweepstakes*, No. 1:24-cv-01120-JDB-jay, 2024 WL 4716272, at \*1 (W.D. Tenn. Oct. 9, 2024). In that case, the undersigned issued a Report and Recommendation ("R&R") that Plaintiff's case be dismissed for lack of subject matter jurisdiction on the basis that his claims therein appeared to be implausible, frivolous, and devoid of merit. *See id*. at \*1–2. Plaintiff made no objections to the R&R, and the Court adopted the R&R and dismissed Plaintiff's case. *See Howard v. Publisher's Clearing House NY Sweepstakes*, No. 1:24-cv-01120-JDB-jay, 2024 WL 4713577, at \*1 (W.D. Tenn. Nov. 7, 2024). The Court further certified that an appeal would not be taken in good faith. *Id*.

In the present case, Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1). It appears that Plaintiff has again brought a claim that appears to be implausible and frivolous. Plaintiff makes allegations that are devoid of merit.

### III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court dismisses Plaintiff's complaint pursuant to Rule 12(b)(1) and 28 U.S.C. § 1915(e)(2)(ii).

RESPECTFULLY SUBMITTED, this the 7th day of January, 2025.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**