IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM SCOTT HOWARD, SR.,

    Plaintiff,

v.                                      Case No. 1:24-cv-01266-JDB-jay

DANIELLE LAM, *et al.*,

    Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE,
AND
CERTIFYING THAT APPEAL NOT TAKEN IN GOOD FAITH

---

        On December 26, 2024, the Plaintiff, William Scott Howard, Sr., brought a pro se action in this Court against Danielle Lam, Publishers Clearing House Sweepstakes Agent; Nashville, Tennessee; and other unnamed defendants. (Docket Entry ("D.E.") 1.) Plaintiff was granted leave to proceed in forma pauperis on January 7, 2025. (D.E. 6.) In accordance with Administrative Order No. 2013-05, the action was referred to the assigned magistrate judge, Jon A. York, for management of all pretrial matters. In a screening report and recommendation entered January 7, 2025, (the "R&R") pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York recommended that the action be dismissed for lack of subject matter jurisdiction.[1] (D.E. 7.) Plaintiff has filed no objections to the R&R and the time for doing so has expired.

        Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R.

---

[1] Plaintiff initiated a similar action against Publishers Clearing House New York Sweepstakes in June 2024. (Case No. 1:24-cv-01120-JDB-jay (W.D. Tenn.).) The case was dismissed and judgment entered November 7, 2024. (*Id.*, D.E. 8, 9.)

1

Civ. P. 72(b)(2); *see also* LR 72.1(g)(2).  Upon the filing of timely and proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2).  However, "[t]he district court is not required to review—under any standard—those aspects of the report and recommendation to which no objection is made."  *Valentine v. Gay*, Case No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also Jenkins v. Plumbers & Pipefitters Union Local No. 614*, 971 F. Supp. 2d 737, 742-43 (W.D. Tenn. 2013) ("a district court should adopt the findings . . . of the magistrate judge to which no specific objection is filed," referencing *Arn*).

As no objection has been made, the R&R is hereby ADOPTED and the case is DISMISSED.  The Clerk is DIRECTED to enter judgment.

Section 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that an appeal would not be taken in good faith.  The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id.*  The same considerations that lead this Court to issue the instant ruling also compel it to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore CERTIFIED, pursuant to § 1915(a)(3), that any appeal of this order would not be taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 4th day of February 2025.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE